## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| ELIZABETH PANZARELLA and  JOSHUA PANZARELLA, individually and  on behalf of all others similarly situated, | : : : | |
| Plaintiffs, | : | No. 3:16-cv-00113-RGE-HCA |
| v. | : | |
| NAVIENT SOLUTIONS, INC., | : | |
| Defendant. | : | |

## CLASS ACTION COMPLAINT

Plaintiffs Elizabeth Panzarella and Joshua Panzarella ("Plaintiffs"), individually and on behalf of all others similarly situated (the "Class," as defined below), upon personal knowledge as to the facts pertaining to herself and upon information and belief as to all other matters, and based on the investigation of counsel, brings this class action against defendant NAVIENT SOLUTIONS, INC. ("Navient" or "Defendant") for statutory damages and injunctive relief, demands a trial by jury, and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C.§ 227 et seq., 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiffs' state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2. This matter in controversy exceeds $5,000,000.00, as each member of the proposed Classes is entitled to between $500.00 and $1,500.00 in statutory damages for each call that has violated the TCPA. Further, Plaintiffs' alleged Classes include at least one Class

member belonging to a different state. Therefore, the elements of subject matter jurisdiction pursuant to 28 U.S.C. §1332(d) and the Class Action Fairness Act ("CAFA") are present.

3.   This Court possesses specific personal jurisdiction over Navient as a result of its acts within this District that violate the TCPA.

4.   Navient maintains sufficient minimum contacts with this District, has purposefully availed itself of the privilege of doing business in this District, maintains a registered agent in Iowa and possesses such a significant and continuous presence in this District such as to be subject to the personal jurisdiction of this Court.

5.   In addition, Plaintiffs' and the National Class members' injuries alleged in this action arise from Navient's business of providing student loan products and services in Iowa, result from Defendant's tortious conduct in violation of the TCPA within Iowa and Pennsylvania. Navient directed its conduct to have intended effects within Iowa.

6.   Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

## PARTIES

7.   Plaintiff Elizabeth Panzarella, is a natural person residing at 47 Salem Road, Schwenksville, PA 19473.

8.   Plaintiff Joshua Anthony Panzarella is a natural person residing at 216 Lexington Rd., Schwenksville, PA 19473

9.   Plaintiffs are each a "called party" with respect to the calls placed to their respective cellular telephone numbers, (###) ###-#### as further described in prior Rule 26a disclosures to Defendant. See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012).

10. Defendant Navient is a corporation with principal offices at 123 Justison St., Wilmington DE 19801. Navient engages in the collection of defaulted student loan debts using the mails and telephone.

11. Navient is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C.§ 153(10).

## THE TELEPHONE CONSUMER PROTECTION ACT

12. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding the proliferation of telephone calling practices involving the use of certain equipment that were found to be intrusive, a nuisance, an invasion of privacy and a risk to public safety.[1] The TCPA vests the FCC with authority to issue rules and regulations implementing the TCPA.[2]

13. Section 227(b)(1)(A)(iii) of the TCPA makes it unlawful for any person or entity to make any call using an automatic telephone dialing system or an artificial or prerecorded voice to a cellular telephone number without the prior express consent of the called party.

14. In 2008, the FCC issued a Declaratory Ruling that qualified the "prior express consent" exemption with respect to calls made in relation to a debt, specifying that "consent is deemed to be granted only if the cellular number called: '(1) was provided by the consumer to the creditor; and (2) was provided during the transaction that resulted in the debt owed.'"[3]

15. Navient has a corporate policy of making impermissible contacts to cell phone numbers of non-borrowers in an effort to collect loans that have gone into delinquency or default

---

[1] See Pub. L. 102–243, § 2, 105 Stat. 2394 (1991) (notes to 47 U.S.C. § 227).

[2] See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order (July 3, 2003).

[3] See In the Matter of Rules & Regulations Implementing the TCPA of 1991, 23 F.C.C.R. 559, 564-65 (¶ 10) (Jan. 4, 2008).

by its debtors.

16. Navient has violated the TCPA by making autodialed calls to cellular telephone numbers of such non-borrowers in relation to the collection of its debtors' delinquent or defaulted debts, without the prior express consent of the non-borrower called parties. Navient has further violated the TCPA by continuing to make autodialed calls to non-borrowers' cellular telephone numbers after being instructed to stop calling.

## FACTUAL ALLEGATIONS

17. Prior to the collection activity hereinafter described, Plaintiffs Elizabeth Panzarella and Joshua Panzarella were, respectively, mother and brother of Matthew Panzarella, a student loan borrower of Navient, f/k/a "Sallie Mae," to pay tuition for his attendance at Le Cordon Bleu of Pittsburgh ("the debt").

18. Plaintiffs at no time listed their respective contact cell phone numbers on any documents in connection with the debt or otherwise authorized contact by Navient to their respective cell phone numbers at issue in the instant amended complaint.

19. Beginning in or about October, 2017, Navient initiated autodialed calls to Plaintiff Elizabeth Panzarella multiple times on her aforementioned cellular phone number, including but not limited to the calls in January 2018 that are reflected in the voicemail messages from Plaintiff's cell phone attached hereto as Ex. "A".

20. Navient's aforesaid voicemails incorrectly asserted that Plaintiff Elizabeth Panzarella's cell phone number was "associated" with her son Matthew Panzarella.

21. Upon information and belief, Navient obtained Elizabeth Panzarella's aforementioned cell phone number by means of a "skip trace" process through a third-party vendor, such as Accurint.

22. Beginning in or about December, 2017, Navient initiated autodialed calls to Plaintiff Joshua Panzarella's cellular telephone number on multiple occasions, including but not limited to the calls in December 2017 that are reflected in the voicemails and screen captures from Plaintiff's cell phone attached hereto as Ex. "A".

23. Navient's aforesaid voicemails were directed to Matthew Panzarella based on the incorrect assumption that Plaintiff Joshua Panzarella's cell phone number was "associated" with his brother Matthew Panzarella.

24. Upon information and belief, Navient obtained Matthew Panzarella's aforementioned cell phone number by means of a "skip trace" process through a third-party vendor, such as Accurint.

25. All telephone contact by Navient as described herein to Elizabeth and Joshua Panzarella's respective cellular telephone numbers occurred via an "automatic telephone dialing system," as defined by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer"). Specifically, upon information and belief, the calls at issue were made by Navient to Plaintiffs' and Class members' cellular telephone numbers using the "Noble" dialing system, and/or the "Interactive Intelligence" dialing system, which at all material times had the capacity to operate as "predictive dialers" when initiating outbound calls to cellular telephone numbers.

26. Neither of the Plaintiffs ever provided Navient with "prior express consent" to call their respective cellular telephone numbers.

27. Each of the unwanted autodialed calls at issue occupied Plaintiffs Elizabeth and Joshua Panzarella's respective cellular telephone lines, even when the call was not answered, rendering the line unavailable for Plaintiffs to use for any other purpose and creating a significant and material safety risk by making the line unavailable for emergency use. Plaintiffs Elizabeth and Joshua Panzarella considered these unwanted autodialed calls to be intrusive, annoying and an invasion of their privacy.

28. Navient's corporate policy is structured to continue to initiate autodialed calls to cellular telephone numbers of non-borrowers like the Plaintiffs Elizabeth and Joshua Panzarella, despite its knowledge that these individuals are non-borrowers that have not provided Navient with prior express consent to make such autodialed calls, and despite these individuals' instructions to stop calling.

29. Defendant Navient followed its corporate policies when attempting to communicate with the Plaintiffs Elizabeth and Joshua Panzarella, and those of the class members, by initiating autodialed calls to their respective cellular telephone numbers, as described herein.

30. Defendant Navient has been the recipient of numerous complaints from non-debtors across the country, similar to those alleged in this action.

## CLASS ACTION ALLEGATIONS

31. Plaintiffs bring this action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3) on her own behalf and behalf of the following Classes of similarly-situated persons defined as follows:

1. **National Class:** All cellular telephone subscribers in the United States who from September 2012 to the present (the "Class Period") received an autodialed

call from Navient on their cellular telephone number without their "prior express consent" regarding a debt they do not owe.

2. **National Sub-Class:** All cellular telephone subscribers in the United States who from September 2012 to the present (the "Class Period") (1) received an autodialed call from Navient on their cellular telephone number without their "prior express consent" regarding a debt they do not owe; and (2) directed Navient not to call their cellular telephone number; and (3) thereafter received an autodialed call from Navient on their cellular telephone number.

Excluded from the Classes are persons who provided prior express consent to receive calls from Navient, unless that prior express consent had been revoked. Further excluded are Defendant and its subsidiary(ies), officers, directors, employees, partners and co-venturers. Also excluded are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

32. The Classes satisfy the FED. R. CIV. P. 23 numerosity, commonality, typicality, adequacy, predominance, superiority and ascertainability requirements.

33. Plaintiffs does not know the exact size or identities of the members of the proposed Class, since such information is in the exclusive control of Defendant and its agents. However, Plaintiffs reasonably believe that the Classes encompass at minimum many thousands of consumers.

34. Plaintiffs and all members of the Classes have been harmed by the unlawful acts of Defendant. The privacy of the Plaintiffs and the Classes were violated, and they were subjected to annoying, intrusive and harassing calls regarding student loan accounts they do not

owe and for which they did not provide consent.

35. The joinder of all members of the Classes is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The identities of the Class members can be readily ascertained from Navient and its agents' call records.

36. There are well-defined, nearly identical, questions of law and fact affecting all parties. Common question of law and fact raised in this action concerning the Classes' claims include the following:

    (a) Whether the calls made to Plaintiffs and members of the Classes' cellular telephone numbers were made using an automated telephone dialing system as defined by the TCPA and the FCC;

    (b) Whether the calls by Navient to the Plaintiffs' and members of the Classes' cellular telephone numbers were made with "prior express consent";

    (c) Whether such calls were made by or on behalf of Defendant Navient;

    (d) Whether such calls were made for an emergency purpose;

    (e) Whether Navient violated the TCPA;

    (f) Whether Plaintiffs and the Classes are entitled to damages, declaratory relief and/or injunctive relief as a result of Defendant's violations of the TCPA;

    (g) Whether Navient's conduct constituted "willful" or "knowing" violations of the TCPA; and

    (h) Whether the calls at issue were made by Navient for the purpose of collecting debts owed to or guaranteed by the United States government.

37. Plaintiffs assert claims that are typical of each member of the Classes.

38. Plaintiffs will fairly and adequately protect the interests of the Classes. Plaintiffs have retained able counsel with extensive experience in prosecuting class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA. Plaintiffs' interests are coincident with, and not antagonistic to, the interests of the Classes.

39. The questions of law and fact common to the members of the Classes predominate over any questions affecting only individual Class members, including legal and factual issues relating to liability and damages.

40. The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendant.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA. Since the damages, or statutory damages, suffered by individual members of the Classes may be relatively small, the expense and burden of individual litigation make it impossible or impractical for the members of the Classes individually to redress the wrongs committed upon them by Defendant Navient. The Classes are readily definable, and prosecution of this action as a class action will eliminate the possibility of repetitious litigation. Plaintiffs will encounter no difficulty in managing this action as a class action.

42. Defendant has acted and refused to act, as alleged herein, on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief to the Classes. Moreover, the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**D.**     **Causes Of Action**

## COUNT I

### STRICT LIABILITY VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT

43.     The allegations above are re-alleged and incorporated herein by reference.

44.     Plaintiffs and the members of the Classes are "called part[ies]" under the TCPA.

45.     The foregoing acts and omissions of Defendant constitute numerous and multiple strict liability violations of the TCPA, including but not limited to 47 U.S.C.§227(b)(1)(iii), by each and every call made in violation of the statute, pursuant to 47 U.S.C.§227(b)(1)(B).

46.     The TCPA provides Plaintiffs and the members of the Classes with a private right of action against Defendant Navient for its strict liability violations of the TCPA, as described herein, pursuant to 47 U.S.C. § 227(b)(3). Plaintiffs and the members of the Classes are entitled to both injunctive relief and statutory damages of $500 per call made by Navient in violation of the TCPA.

47.     Plaintiffs and the members of the Classes are also entitled to an award of attorneys' fees and costs on an equitable basis to be paid through a "common fund," or similar theory.

## COUNT II

### WILLFUL OR KNOWING VIOLATIONS
### OF THE TELEPHONE CONSUMER PROTECTION ACT

48.     The allegations above are re-alleged and incorporated herein by reference.

49.     Plaintiffs "called part[ies]" under the TCPA.

50.     The foregoing acts and omissions of Defendant constitutes numerous and multiple "willful" or "knowing" violations of the TCPA, including but not limited to 47

U.S.C.§227(b)(1)(iii) by each and every call, in violation of the statute, pursuant to 47 U.S.C.§227(b)(1)(B).

51. Defendant willfully or knowingly violated the TCPA with respect to Plaintiffs and the Willful or Knowing Call Class by voluntarily placing non-emergency calls to the cellular telephone numbers of the Plaintiffs and the members of the Class using an automated telephone dialing system with knowledge that it did not have the prior express consent of the called parties, and after being instructed to stop calling.

52. The TCPA provides Plaintiffs and the members of the Willful or Knowing Call Class with a private right of action against Defendant Navient for its willful and/or knowing violations of the TCPA, as described herein, pursuant to 47 U.S.C. § 227(b)(3). Plaintiffs and the members of the Willful or Knowing Call Class are entitled to both injunctive relief and statutory damages of up to $1,500 per call made by Navient that willfully or knowingly violated of the TCPA.

53. Plaintiffs and the members of the Willful or Knowing Call Class are also entitled to an award of attorneys' fees and costs on an equitable basis to be paid through a "common fund," or similar theory.

### TRIAL BY JURY

54. Plaintiffs are entitled to and hereby respectfully demand a trial by jury. US Const. amend. 7;  Fed.R.Civ.P. 38.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant:

A. for defendant's negligent, or strict liability, violations of 47 U.S.C.§227(b)(1), $500.00 in statutory damages for each and every call that violated the TCPA, pursuant to 47 U.S.C.§227(b)(3)(B);

B. for defendant's willful and/or knowing violations of 47 U.S.C.§ 227(b)(1), up to $1,500.00 for each and every call that violated the TCPA, pursuant to 47 U.S.C.§227(b)(3)(B);

C. for such other and further relief as may be just and proper.

Dated: June 1, 2018

*/s/David P. Mitchell*
David P. Mitchell, Esq.
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
David@MitchellConsumerLaw.com
Attorney for Plaintiffs
*Pro hac vice*

*/s/Robert P. Cocco*
ROBERT P. COCCO, P.C.
Attorney for Plaintiffs
By: Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 351-0200
Attorney for Plaintiffs
*Pro hac vice*